**Herbert ERNST, Jr., Trustee in Bankruptcy, Plaintiff,**

v.

**SEARS, ROEBUCK & COMPANY, Defendant.**

**In the Matter of Luther Ray PAGE, Debtor.**

**Adv. No. 3–82–0166.**
**Bankruptcy No. 3–81–03132.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Feb. 1, 1983.

Ronald E. Reichard, Dayton, Ohio, for defendant.

Herbert Ernst, Jr., Dayton, Ohio, trustee/plaintiff.

James A. Hensley, Dayton, Ohio, for debtor.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

### FINDINGS OF FACT

This matter is before the court upon a Complaint filed by Herbert Ernst, Jr., Trustee in Bankruptcy, to avoid a judgment lien obtained by Defendant Sears, Roebuck & Company (Sears), the certificate of judgment having been filed on September 17, 1981.

The bankruptcy petition was filed under Chapter 7 on 5 November 1981. The Debtor scheduled as property, in addition to household goods, farming supplies and implements valued at $7,000.00, and a "Farm and Home" in Preble County, Ohio, valued at $62,000.00.

The Trustee liquidated the farm equipment, confirmed by court order on 29 December 1982.

On 12 March 1982 the Trustee served "Notice of Sale of Real Estate," to which no objections or request for hearing was filed, although the terms of sale as described by the Trustee in great detail indicates that a feasible net realization for the bankruptcy estate is problematical because of liens and encumbrances on the Debtor's interest.

The facts are clear that the judgment lien in question was for an antecedent debt and that the Debtor was at the time of the judgment insolvent.

### DECISION

By brief the Plaintiff argues that the Certificate of Judgment (C/J) filed by Defendant within ninety days of the filing of the petition in bankruptcy was a "preferential transfer."

Defendant by brief counters, as follows: "It is the position of the Trustee, Plaintiff herein, that even though the lien obtained by SEARS, ROEBUCK & COMPANY would be effective against a bonafide purchaser, it is not a protected statutory lien but, rather, it is an unprotected judicial lien since judicial liens are specifically accepted from the "statutory lien" catagory [sic] identified in § 101(38) of the Code.

§ 101(27) described a Judicial Lien as meaning a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding."

In the case at bar, however, the lien that the Trustee is attempting to avoid has not arisen as a result of a judgment but, rather, has arisen as a result of a filing of a Certificate of Judgment with the Clerk of the Common Pleas Court of Preble County, Ohio. § 2329.02 of the O.R.C. clearly provides that "any judgment or decree rendered by any court of general jurisdiction, including District Courts of the United States, within the State shall be a lien upon lands and tenements of each judgment debtor within any county of this state *from the time it is filed in the Office of the Clerk of Court of Common Pleas of such county a certificate of such judgment. . . .*" (emphasis added). Accordingly, it is the filing of the Certificate and not the obtaining of the Judgment that constitutes the lien. This is identical to the filing of Mechanic's Lien, or Tax Lien, or Materialman's Lien, as identified by the Trustee which liens became effective, of course, when filed with the County Recorder's Office of the County in which the property is located.

Accordingly, we are not herewith dealing with a Judgment Lien but, instead, dealing with a lien perfected by the operation of the statute falling squarely within the category of liens that § 545 states cannot be avoided by the Trustee."

The Trustee urges that Section 545 of the Bankruptcy Code is not the controlling statute because the lien of a certificate of judgment is not a "statutory lien" as defined in 11 U.S.C. § 101(38); but, rather, it is a "judicial lien" as defined in 11 U.S.C. § 101(27). The Trustee relies upon the provision of 11 U.S.C. § 547 as to preferences.

No case precedents have been cited by either party.

The court concurs with the Trustee's position as to the nature of the lien and the avoidance under the provisions of Section 547, but with reservations to be mentioned.

## I

A judgment in Ohio is not a specific lien on real property unless it is perfected as such by the filing of a Certificate of Judgment with the Clerk of the Common Pleas Court of the county wherein the real estate is located (herein Preble County).

The arguments *instanter* place undue emphasis on semantics rather than traditional bankruptcy law fundamentals. Without exhaustive historical analysis herein, this latter rationale must be applied to the context and purposes of the statutory citations as argued by the Plaintiff.

It is doubtful whether the designation of the instant judgment lien as either a statutory lien or a judicial lien has any dispositive significance on the facts, because a *bona fide* purchaser question is not involved. Section 545(2) invalidates statutory liens not perfected as against a *bona fide* purchaser on the date of the petition. Even though this question is more complex because of case precedents involving real property, and the application of diverse state law precedents in various states, it is apparent that the main thrust of Section 545 pertains to personal property and the ramifications of and need for uniformity because of the Uniform Commercial Code principles, inasmuch as the historical, *bona*

*fide* purchaser rule was incorporated into 11 U.S.C. § 544(a) as to real property. The import of the definition of a "Judicial Lien" lies in Section 544 and of the definition of "a statutory lien" in Section 545. The provisions of Section 546(b) apply under both Sections 544 and 545 but there must be a "generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection."

The import of Section 546 is made historically relevant and more obvious by a quotation from the Legislative History, as follows:

> The phrase "generally applicable law" relates to those provisions of applicable law that apply both in bankruptcy cases and outside of bankruptcy cases. For example, many State laws, under the Uniform Commercial Code, permit perfection of a purchase-money security interest to relate back to defeat an earlier perfected non-purchase-money security interest if the former was perfected within ten days. U.C.C. Section 9–301(a). Such perfection would then be able to defeat a hypothetical judicial lien creditor on the date of the filing of the petition. The purpose of the subsection is to protect, in spite of the surprise intervention of bankruptcy petition, those whom State law protects by allowing them to perfect their liens or interests as of an effective date that is earlier than the date of perfection. It is not designed to give the States an opportunity to enact disguised priorities in the form of liens that apply only in bankruptcy cases. House Report No. 95–595, 95th Cong., 1st Sess. 371 (1977); Senate Report No. 95–989, 95th Cong., 2nd Sess. 86–81 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6327.

Hence, it is necessary to find under applicable nonbankruptcy law a procedure whereby a statutory lien claimant can perfect the lien as against judgment lien creditors and *bona fide* purchasers. Such is not the case *sub judice* because an Ohio judgment lien is not so perfected until a certifi-

cate of judgment has been filed. Filing the certificate of judgment does not change the nature of the judgment. It remains a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27).

■ Assuming, *arguendo,* that C/J filing were such a statute, on the facts and issues *sub judice* the lien perfection was a transfer before the Trustee's avoidance powers as to preferences attached. Hence, this case involves pure and simple the invalidation of a transfer by the Trustee as a lien creditor under the proverbial "strong arm" lien. The judgment lien of Sears is junior to the Trustee's lien and in such sense an "avoided" transfer. The Trustee's lien stems from Section 544 and is implemented by the procedures of Section 547 as a transfer "to or for the benefit of a creditor." The lien is avoidable without reference to the effect of the definition of "judicial lien" in 11 U.S.C. § 101(27) because such liens are within the definition of "transfer" under Section 101(40). The preservation statutes giving grace periods to establish priority under Section 544 are effective as to statutory liens which can be perfected after the commencement of the bankruptcy case as contained in the counterpart of 11 U.S.C. § 107(c)(1)(B) of the Bankruptcy Act of 1898 relating to the avoidance of statutory liens. See 21 A.L.R.Fed. 635.

II

■ Finding that the judgment is avoidable as to the Trustee, however, is not synonymous with finding the lien is invalid.

It is noteworthy that the Trustee's complaint does not seek the avoidance of the lien for the purposes of the marshaling of liens or for a sale beneficial to the bankruptcy estate. If there is no net value in the property after paying liens, exemptions, and other claims or encumbrances superior to the trustee's avoidance rights, then the Trustee must abandon and permit the state courts to resolve the issues and marshal the liens. These other issues have not been pleaded and necessary parties (such as mortgagee) have not been joined to either assert or enforce their rights. This Court has no means or purpose *instanter* in even

knowing who the necessary parties might be, as an ancillary question.

■ The Trustee's lien avoidance powers should not be enforced as an isolated power unless asserted in connection with a sale beneficial to the bankruptcy estate and confirmed by an order of Court. Merely holding a judgment lien avoidable does not invalidate the lien as to other lien holders until and unless the Trustee liquidates the property as estate property, with a marshaling of liens.