RANDOLPH (HOPKIRK v.). See Case No. 6,698.

---

## Case No. 11,560.

### RANDOLPH v. KING.

[2 Bond, 104.] [1]

Circuit Court, S. D. Ohio. April Term, 1867.

CONFLICT OF LAWS—LIMITATION OF ACTIONS — JUDGMENT—PLEAS—CONSTITUTIONAL LAW.

1. In an action in the circuit court of the United States, on the record of a judgment in another state, in a plea that the action is barred by the statute of limitations, the statute of Ohio, as the lex fori, controls the question.

[Cited in Marx v. Kilpatrick, 25 Neb. 114, 41 N. W. 114.]

2. The supreme court of Ohio having decided that the record of a judgment of another state is a specialty, and that the limitation of the right to sue on such record is fifteen years, under the statute of Ohio of February 18, 1831 [29 Laws Ohio 1831, p. 214], this court will follow that decision.

3. The provision of the constitution of the United States, "that full faith and credit shall be given in each state to the public records and judicial proceedings of every other state," can not be construed as prohibiting a state from passing a law barring a right of action from lapse of time, on the record of a judgment of another state.

4. The judgment of a court of record can not be collaterally impeached, and the plea that the judgment set forth in the record on which this suit is brought was obtained "by fraud, duress," etc., is bad, and a demurrer to it will be sustained.

[This was an action of debt by O. M. F. Randolph against George C. King.]

Corwine & Walker, for plaintiff.

Collins & Herron and H. P. Lloyd, for defendant.

OPINION OF THE COURT. The defendant is sued in an action of debt on a record of a judgment against him for $3,000, entered in the supreme court of the state of New York, on March 11, 1847. In addition to the plea of nul tiel record, the defendant has filed a plea: First, of the statute of limitations of Ohio, setting up that the plaintiff's action is barred by the lapse of six, ten, and fifteen years respectively, since the cause of action accrued; and secondly, that the judgment, on the record of which the suit is brought, was obtained by the plaintiff and others in collusion with him, "by fraud, duress, covin, and misrepresentation," under circumstances specially stated in the plea. To the special pleas demurrers have been filed; and on these the questions before the court arise. As to the pleas of the statute of limitations, it is not controverted that the statute of Ohio, as the lex fori, applies, and must control the question whether the plaintiff's right of action is barred. Although, as above stated, the pleas allege a bar by the lapse of six and ten years, yet the plea relied upon in the argument is the provision of the statute barring certain causes of action in fifteen years. This clause in the statute of February 18, 1831, bars all "actions upon the case, covenant and debt, founded upon a specialty or any agreement, contract, or promise in writing," after fifteen years. The later statute, which took effect June 3, 1853, and is now in force, is the same as the act of 1831, as to actions upon a specialty, or any agreement, contract, or promise in writing.

The only question, therefore, arising on the demurrer to the pleas of the statute of limitations is, whether a judgment of a court of record in the state of New York, is a specialty within the meaning of the statute, to which the bar of fifteen years applies. This question involves a construction of a statute of Ohio; and if it has been decided by the highest court of that state, by the oft-repeated decisions of the supreme court of the United States, such adjudication is authoritative upon the courts of the Union held within the state, and will be implicitly followed by the supreme court. That high tribunal does not inquire whether the views of the state court, in the case supposed, accord with its own, but follows the construction of a statute, as given by the state court, as a "rule of decision" within the meaning of section 34 of the judiciary act of 1789 [1 Stat. 92]. Has the supreme court of Ohio authoritatively held that the record of a judgment of a court of another state, sued on in Ohio, is a specialty within the meaning of the clause of the statute of limitations before referred to? The case of Stockwell v. Coleman, 10 Ohio St. 33, affirmed and followed in the case of Bobo v. Norton, Id. 514, is relied on by the counsel in support of the plea of a bar in fifteen years. In the first-named case a suit had been brought before a justice of the peace in Ohio, upon the record of a judgment against the defendant, rendered by a justice of the peace of the state of Indiana. The Ohio justice entered judgment against the defendant, and the case was appealed to the court of common pleas. To the declaration in debt on the record of the Indiana judgment, the defendant pleaded the statute of limitations of Ohio, to which there was a demurrer, and the case was before the supreme court on

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

the sufficiency of the plea of the statute. The supreme court say in that case. the only question is whether the record or the Indiana judgment is the evidence of a debt "founded upon a specialty;" and after an elaborate and well-considered argument, they say: "This court rests its opinion in the case before us, upon the conclusion arrived at, that a judgment of a court of another state is, in the legal and reasonably comprehensive sense of the term, to be regarded in this state as a debt upon a specialty." In the case before noted (Bobo v. Norton, 10 Ohio St. 514) the same doctrine is distinctly reaffirmed. That was an action of debt on a recognizance taken by a justice of the peace, and it was held that the recognizance was a specialty within the meaning of the clause of the statute of limitations referred to, and that the action barred was after the lapse of fifteen years.

It is insisted, however, by the counsel for the plaintiff, in support of the demurrer to the plea of the fifteen years statutory bar, that in the case of Tyler v. Winslow, 15 Ohio St. 364, the opinion of the supreme court, in Stockwell v. Coleman, has been substantially overruled. I can not, however, concur with counsel in this view. The case of Tyler v. Winslow, varied in its facts and in the legal principles invoked in its decision. from the case of Stockwell v. Coleman, and does not impugn the conclusions of the court as to the construction of the Ohio statute as applicable to the records of judgments in another state. The action in Tyler v. Winslow was upon the record of a judgment rendered by an Ohio court. And the court held that such record was not a specialty within the meaning of the statute, to which the limitation of a right of action was fifteen years. The court in the latter case expressly recognize and affirm the case of Stockwell v. Coleman. so far as it holds that the record of a judgment of another state is a specialty. It merely limits and modifies the decision. so far as it applies to domestic judgments, but leaves it in full force as to judgments of another state. In the case in 15 Ohio, after stating the conclusions of the court in 10 Ohio, the inquiry is stated: "But is a judgment of a court of this state a specialty within the meaning of this statute?" and then proceed to show that "there is a wide difference between the legal significance and effect of a domestic judgment, and that of a judgment of another state." The latter, although entitled to "full faith and credit," is here nothing more than a cause of action; but a domestic judgment is much more. It is a lien upon lands; and upon it can be exercised all the executory remedies given by the law to procure full satisfaction." And again, the court say, after noticing the argument of the court in Stockwell v. Coleman: "However correct this reasoning may be, when applied, as in that case, to an action on a

judgment of another state, we do not think it conclusive in an action upon a domestic judgment." But without quoting further from the opinion, it is plain from its whole tenor that the court kept steadily in view the question before them, namely, whether a domestic judgment was a specialty; and in giving this a negative answer, they not only do not repudiate the decision of the court in the former case as to a judgment of another state, but by the strongest implication affirm it. But it is insisted that the argument of the court, in the case in 15 Ohio, necessarily places the judgments of another state on the precise footing of domestic judgments; and in construing the statute of limitations, the same principles must apply. And hence it is insisted, if a domestic judgment is not a specialty, neither can a foreign judgment be so regarded. Now it is true that the constitution of the United States declares that "full faith and credit shall be given in each state to the public records and judicial proceedings of every other state;" and the act of congress of May 26, 1790, is intended by legislative enactment to provide how the constitutional provision shall be carried into execution. The effect undoubtedly is, that the judgments of a state are to be considered record evidence of debt in every other state, and conclusive upon the defendants except for such causes as would be sufficient to invalidate them in the state in which they were rendered. Such judgments are to be received as domestic judgments, so far as the merits of the claim, or subject-matter of the suit is concerned. But neither the constitution nor the act of congress intended to limit the power of the states as to the remedies for the enforcement of a judgment on the record from another state. or to prescribe by law when a right of action on such a judgment should be barred by a statute of limitations. Such right on the part of the states is distinctly recognized by the supreme court of the United States in the case of McElmayle v. Cohen, 13 Pet. [38 U. S.] 312; also in the case of State of Alabama v. Dalton. 9 How. [50 U. S.] 522. The case cited from 13 Ohio, 209 (Pelton v. Platner), decides. and correctly too, "that the judgments of the courts of our sister states, under the constitution of our federal government, are not considered as foreign judgments. but as having the same force and effect in any other state as they have in the state where rendered." But this must be received subject to the conditions and limitations stated in the opinion of the supreme court of the United States in the before-cited cases in 13 Peters and 9 Howard. The power of a state to fix a time within which an action shall be barred on a judgment of another state, is not withheld or forbidden by any fair construction of the constitutional provision or the act of congress referred to. Without pursuing the subject further, I

may remark that the true status of the question before the court may be presented as follows: By the decision of the supreme court of Ohio, which is to be followed by this court as involving the construction of a state law, a judgment of another state sued on in this state is a specialty, and the right to sue on it here is limited to fifteen years; and that as to domestic judgments, the statute has fixed no express limitation, but left it to the common law presumption of payment.after the lapse of twenty years.

In coming to this conclusion, I have not overlooked the case of Todd v. Crumb [Case No. 14,073], decided by Judge McLean in 1850. That learned judge held that the record of a judgment, whether domestic or foreign, was not a specialty, and not therefore within the terms and meaning of the Ohio statute of limitations. But this decision was prior to that of the supreme court in Stockwell v. Coleman, which was in 1859, and that in the case of Tyler v. Winslow, which was in 1864. It may be assumed that if these cases had occurred before that decided by Judge McLean, he would have followed them, though in opposition to his views of the law. Upon the demurrer to the plea setting up fraud in obtaining the judgment sued on, I may remark, however, that in the light of numerous authorities on this point, the conclusion is attained, that a judgment, as between the parties to it, can not be collaterally impeached in an action at law on the ground of fraud. It would certainly be an anomaly, if a judgment of nearly twenty years standing, rendered in one of the highest courts of New York, when sued on in this state, could be assailed as void on the ground of fraud. The inquiry would naturally arise, why the defendant for so many years permitted a fraudulent judgment to stand. It would certainly be difficult to conceive any available reason for slumbering so long upon his right. And a defense set up after such a lapse of time, to a suit brought in another state, and when it may be supposed witnesses cognizant of the facts are dead, must be looked upon with suspicion. I do not think there are any authorities to sustain such a defense at law. The case of Anderson v. Anderson, 8 Ohio, 108, is pointedly against it. There are numerous other authorities in unison with that case. Chit. Cont. 3; 11 Fost. (N. H.) 442; 26 Conn. 273; 1 Wis. 597; 3 Sneed, 59.

It results from these views that the demurrer to the plea of the statute of limitations is overruled, and that to the plea of fraud is sustained.