BLUMBERG, APPELLEE, *v.* SAYLOR, A. K. A. SALEWSKY, APPELLANT.*

*Motion to certify the record overruled October 5, 1955. Appeal dismissed, 164 Ohio St., 188.

(No. 7971—Decided March 7, 1955.)

*Mr. Albert Spievack,* for appellee.
*Mr. John J. Rivers,* for appellant.

Ross, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas entered for the plaintiff upon her motion for judgment on the pleadings. A motion of the defendant for judgment on the pleadings, made some months before the motion of the plaintiff, was overruled.

In the petition, it is alleged: That the parties to this action were duly married on June 28, 1924, and separated on March 26, 1929, when suit for divorce was filed; that they had one child born April 3, 1925; that by the judgment of the Superior Court of Marion County, Indiana, the plaintiff obtained

a divorce from the defendant on June 20, 1929, was awarded custody of their minor child and obtained an order requiring the defendant to pay to the clerk of such court the sum of $15 per month "for the support and maintenance of said child": that such judgment of divorce and order for support and maintenance of such child was duly entered in the records of the clerk's office of such court; that such decree has never been changed or modified in any way, is now as to delinquent payments in full force and effect and was in full force and effect until August 19, 1942, the date upon which the child of the parties was duly married to John J. Spittler; that during the period from the time of the divorce to the time of the marriage of such child the plaintiff furnished the child with a home, food, clothing, schooling, school books, medical attention and all necessary expenses; that the plaintiff out of her earnings during the period between June 20, 1929, and August 19, 1942, paid for the support and maintenance of the child more than the sum of $15 per month, and more than the total amount due from the defendant during such period; that such sum amounted to $2,355; that the defendant has failed to pay the amount ordered as an allowance by the decree; and that such sum is now due and owing, together with interest thereon, for which amount judgment is prayed in such petition.

To this petition, an amended answer was filed in which the defendant admitted the marriage, the divorce and the birth of the daughter of the parties as alleged, also the award of custody to the plaintiff, the terms of the decree requiring the defendant to pay the sum of $15 per month and the marriage of the child; and alleged that plaintiff was remarried on August 2, 1929, and again on August 1, 1952. The defendant denied that the plaintiff had supported the child as alleged, and denied generally all allegations of the petition not specifically admitted to be true.

As a second defense, the defendant alleged that on August 2, 1929, the plaintiff required that the defendant cease to visit his child and released the defendant from further payments for the support of the child, and that thereafter no request was ever made upon defendant for any payment for support or maintenance of such child.

As a third defense, the defendant set up the Ohio statute of limitations, applicable to judgments of other states, and claimed that since it appears in the petition that the decree was entered on June 20, 1929, the action can not now be maintained.

As a fourth defense, the defendant states that by virtue of the statutes of Indiana, the Superior Court of that state has the sole and complete jurisdiction of all matters regarding the support of the child and orders made with reference to the payment of past or future installments; that the plaintiff has recourse to the Superior Court of Marion County for any relief with reference thereto; that the plaintiff has never taken any action in the cause in the court in which the decree for divorce was granted and the award of maintenance made; that no action was ever taken to reduce "said order" to a lump sum, or levy an execution therefor, or to extend or revive such judgment; that the same is, therefore, void; that such decree is not a final order; and that no action may be brought thereon until such order is reduced to a lump sum.

As a fifth defense, the defendant sets up the defense of laches.

A reply was filed to the original answer, but none was filed to the amended answer, nor does the record show that it was stipulated that the original reply should apply to the amended answer. However, as no point is made by the defendant of this situation, the matter will be passed without comment.

It is to be remembered that all proper factual allegations of the petition not denied by the answer, all proper factual allegations of the amended answer and all proper factual allegations of the reply, favorable to the defendant, are to be taken as true upon the motion of the plaintiff for judgment on the pleadings.

It is to be noted that each defense advanced in the answer concerns facts which occurred after the entry of the decree, the validity of which is not questioned. Each of such defenses deals with matters the effect of which is to invoke the law of the forum, chosen by the plaintiff, and which law sets bars to the present enforcement of such decree, to which full faith and credit is given in so doing. For example, neither the defense of payment and satisfaction of the terms of the decree, nor that

the child had died prior to the attaching of obligation to pay support money could be claimed as, in any way, a denial of recognition of the full faith and credit obligation. Certainly, the plaintiff can claim no greater faith and credit for the decree of a sister state than would be accorded a similar decree of this state, in her chosen forum.

It is to be observed from the record that there is no question before this court involving a child who is not being supported, and who may, therefore, become a charge upon the state. The child has been supported, and by virtue of her present status, is no longer entitled to support by the defendant. The action is for the total amount of installments ordered paid by the Indiana court. It is an action to recover these past due installments, without regard to amounts paid by the mother-custodian plaintiff. The child at this time has no interest in whether such amounts are collected or not, and can in no way be affected by the failure of the mother plaintiff to collect such installments of support money. Clearly then, the only parties concerned with this action are the plaintiff-mother custodian, and the defendant father. The action involves simply a debt of the defendant alleged to be due the mother plaintiff. The second defense presents the claim that for a consideration the plaintiff released the defendant from this debt to her. When the interest of the child has ceased in the order of court made for her benefit, and only the interest of the plaintiff remains, why should not a release given by her be effective to bar her present right of recovery? In *Corbridge* v. *Corbridge* (1952), 230 Ind., 201, 102 N. E. (2d), 764, it is stated at page 206:

"Until the order is modified the beneficiary of the trust is entitled to the collection of the amounts ordered, and the *child's interest in the order* cannot be defeated by any failure of the trustee to expend an equivalent amount from her own funds." (Emphasis added.)

It is apparent now, that the child at this time has no interest in the order.

The trial court considered that to give effect to the release would impair the effect of the judgment of a sister state, to which, by virtue of the provisions of the Constitution of the United States and the acts of Congress in conformity thereto,

the court was bound to give full faith and credit. The defendant freely admits the validity of the Indiana judgment. All that he asserts now is that the admitted obligation to the plaintiff created by such judgment was abrogated when the plaintiff surrendered the right to enforce an obligation which now, in this action, has become solely personal to her. It is the conclusion of this court that the plaintiff possessed such right of release so long as the interests of the child were not affected and only an obligation personal to her was involved.

Aditional authorities in support of the effectiveness of the release, given under the circumstances here involved, are: *Bidinger* v. *Bidinger,* 89 Ohio App., 274, 101 N. E. (2d), 241; and the unreported case of *McCrann* v. *McCrann,* numbered 1227 on the docket of the Court of Appeals for Lorain County (motion to certify the record overruled, October 31, 1951).

For his third defense, the defendant claims that the statute of limitations of the state of Ohio is a bar to recovery in the instant action. Section 2305.06, Revised Code, provides:

"An action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

The trial court evidently considered that this defense was not proper, as it too impaired the obligation on the court to give full faith and credit to the judgments of a sister state. The only authority agreeing with this conclusion is that of a decision of the Court of Common Pleas of Mercer County, *Mast* v. *Stone,* 66 Ohio Law Abs., 148, 111 N. E. (2d), 271. On the other hand, the decision in *Stockwell* v. *Coleman,* 10 Ohio St., 33, has never been overruled by the Supreme Court, and as far as this court is concerned represents controlling law applicable to the question presented. The Supreme Court followed the ruling in *Stockwell* v. *Coleman* in *Bobo* v. *Norton,* 10 Ohio St., 514, as applicable to a domestic judgment. The ruling in the *Stockwell* case was limited in *Tyler's Exrs.* v. *Winslow,* 15 Ohio St., 364, where it was held that although a judgment of a sister state might be considered a specialty, a judgment of this state could not be so considered.

The court in *Tyler's Exrs.* v. *Winslow* recognizes the authority of *Stockwell* v. *Coleman,* but in the opinion, at page 365, it is stated:

"There is a wide difference between the legal significance and effect of a domestic judgment, and that of the judgment of another state. The latter, although entitled 'to full faith and credit,' is here nothing more than a cause of action; but a domestic judgment is much more. It is a lien upon lands; and, upon it, can be exercised all the executory remedies given by the law to procure full satisfaction."

The ruling in *Stockwell* v. *Coleman* is that the transcript of a judgment of another state is to be regarded as a specialty under the statute of limitations of this state. This case was approved in *Fries* v. *Mack*, 33 Ohio St., 52, and in *Doyle* v. *West*, 60 Ohio St., 438, 54 N. E., 469. In the latter case, an action was brought upon an alleged judgment of a court in another county other than the one in which the action was brought. A reading of the opinion leaves the impression that the court is inclined to question the correctness of *Tyler's Exrs.* v. *Winslow, supra,* although it is in accord with the decision of *Stockwell* v. *Coleman.* In *Todd* v. *Crumb* (U. S. C. C., 7), 5 McLean Reports, 172, Judge McLean held that neither a domestic nor a foreign judgment was a specialty. In *Randolph* v. *King,* 20 Fed. Cas., 260, a decision of the Circuit Court for the Southern District of Ohio (1867), the court definitely held that a judgment of another state than Ohio, sued upon in that state, had been determined by the Supreme Court of Ohio to be a specialty and subject to the statute of limitations of the state of Ohio, and that this holding was binding, therefore, upon Federal courts. In the opinion it is stated that the decision of *Stockwell* v. *Coleman, supra,* had not been rendered when Judge McLean decided *Todd* v. *Crumb, supra,* and that had *Stockwell* v. *Coleman* been before Judge McLean he undoubtedly would have followed the conclusion in *Stockwell* v. *Coleman,* holding a foreign judgment a specialty.

It is our conclusion, therefore, that under the present law of this state, a judgment of a sister state is a specialty and subject to the Ohio statute of limitations; and that the trial court committed error in excluding this defense by sustaining the plaintiff's motion for judgment on the pleadings.

In effect, the fourth defense presented is, that, because the plaintiff has not reduced the several installments of support

money due to a judicially determined lump sum, she has prematurely brought this action. The authorities in this state and the state of Indiana fail to sustain this contention of the defendant. See: *Armstrong* v. *Armstrong,* 117 Ohio St., 558, 160 N. E., 34, 57 A. L. R., 1108; and *Corbridge* v. *Corbridge,* 230 Ind., 201.

As a fifth defense, the defendant asserts that the plaintiff has been guilty of laches in permitting her claims for support money to remain unasserted for many years. Certainly, the absence of any attempt to obtain relief under the decree of the Indiana court would indicate acquiescence in the release asserted to have been given the defendant. There seems to be some authority to run an analogy with the rule permitting the defense of laches to a suit for unpaid alimony installments. The authorities noted in *In Re Shipley,* 38 Ohio Law Abs., 181, 11 Ohio Supp., 20, are helpful in disposing of this question. However, we are inclined to conclude that the trial court committed no error prejudicial to the defendant in excluding the defense as such. However, the defendant should have been permitted to show the long acquiescence of the plaintiff as sustaining his contention that a release was in fact given. *Russell, Admr.,* v. *Fourth Natl. Bank,* 102 Ohio St., 248, 131 N. E., 726. We find no applicable provisions of statutes either in this state or that of Indiana sustaining the claim that the type of judgment here considered is subject to statutes providing for dormancy of judgments. *Russell, Admr.,* v. *Fourth Natl. Bank, supra.*

It probably is not necessary to state that if any one of the defenses advanced by the defendant is a valid defense, then the trial court committed error prejudicial to the rights of the defendant, in sustaining the motion for judgment on the pleadings.

It is the conclusion of this court that the trial court committed error, prejudicial to the defendant in sustaining the motion of the plaintiff for judgment on the pleadings. The judgment of such court is, therefore, reversed, and the cause remanded to the Court of Common Pleas for further proceedings in accordance with law.

*Judgment reversed.*

HILDEBRANT and MATTHEWS, JJ., concur.