Wilma Mae Parsons, a. k. a. Wilma G. Parsons et, Plaintiff, *v.* Parsons et, Defendants.

Probate Court, Columbiana County.

No. 58475-A.

Tobin, P. J. This matter came on to be heard on the Petition of the surviving spouse to purchase real estate at appraised value, and upon the Answer of the Milliron Comp-

pany and the Answer of the Potters Savings & Loan Company, and the reply of the Plaintiff, Wilma Mae Parsons, surviving spouse.

The undisputed facts are as follows: That on September 10, 1962, in East Liverpool, Ohio, Municipal Court, the Milliron Company obtained a judgment in the sum of One Thousand Eight Hundred Eighty-four and 60/100 Dollars ($1,884.60) in Case No. 24340; and that on October 4, 1962, a certificate of lien was placed with the Clerk of the Court of Common Pleas of Columbiana County, Ohio, Judgment Lien Docket 3, Page 439; that Chester Lee Parsons died on October 3, 1962. The facts also indicate that the Potters Savings & Loan Company, by mortgage deed, dated May 10, 1962 in Volume 1110, Page 51 of Columbiana County Mortgage Records, placed a mortgage lien on the premises in question in the amount of $17,000.00.

The Court finds that the Potters Savings & Loan Company has the first and best lien on the premises.

Coming now to the lien of the Milliron Company. By operation of law, at the instance of death, the real property descended to the heirs at law of Chester Lee Parsons, which were, Wilma Parsons, surviving spouse, Joe Lee Parsons and Mark Wesley Parsons, children of the deceased. Section 2329.-04, Revised Code, states as follows: "Judgments of * * * municipal courts * * * may be made liens upon lands and tenements of a judgment debtor within any county of this state only in the manner provided in section 2329.02 of the Revised Code."

Section 2329.02, Revised Code, provides that "Any judgment or decree rendered by any court of general jurisdiction * * * within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county certificate of such judgment * * *"

Therefore this Court rules that when the certificate of judgment was placed in the Court of Common Pleas, the property was no longer owned by Chester Lee Parsons because of his decease, but title was in said decedent's heirs, as above named. Therefore, no valid lien on said property was obtained by the Milliron Company.

The Milliron Company, however, does have the status of

76

a creditor, and leave is granted to file a claim within a period of four months from this date, in accordance with law.

Exceptions to all parties.

See journal.