DRESSLER ET AL., APPELLANTS, *v.* BOWLING ET AL., APPELLEES.

[Cite as Dressler *v.* Bowling (1986), 24 Ohio St. 3d 14.]

(No. 85-1530—Decided May 14, 1986.)

*William F. Clinard,* for appellants.
*M. William Tyrrell,* for appellee Ada M. Bowling.
*Herbert Wagers,* for appellee Leon Brock.

*Per Curiam.* The question presented is whether appellants obtained a valid lien on the basis of the foreign judgment they obtained in 1979. Appellants rely on the adoption by the General Assembly of the Uniform Enforcement of Foreign Judgments Act, R.C. 2329.021 *et seq.,* effective July 29, 1983, and contend that their lien is valid under the Act. Appellees contend that the Act was not applicable to appellants' foreign judgment at the time they sought enforcement. We agree with appellees.

It was not until the enactment of R.C. 2329.021 *et seq.* that foreign judgments could be enforced in the same manner as judgments of Ohio's courts of general jurisdiction. The statutory provisions of the Uniform Enforcement of Foreign Judgments Act merely require the filing of a proper certificate of the foreign judgment with the clerk of courts for the county in which enforcement of the judgment is sought. This is all that the appellants did in the instant case. Appellants now contend that the statute had full force and effect in 1979 when they first sought a lien arising from their foreign judgment, despite the fact that the law was not statutorily promulgated in Ohio at that time.

This contention is patently without merit. Judgment liens are creatures of statute. From its earliest decisions, this court has recognized that the creation, existence and validity of judgment liens are strictly dependent upon statutory provisions. *Davis* v. *Messenger* (1867), 17 Ohio St. 231; *Kilbreth* v. *Diss* (1873), 24 Ohio St. 379; *Tucker* v. *Shade* (1874), 25 Ohio St. 355; *Gorrell* v. *Kelsey* (1883), 40 Ohio St. 117. The provisions of the Uniform Enforcement of Foreign Judgments Act, which were not statutorily adopted in Ohio until 1983, could not have governed the enforcement of appellants' foreign judgment in 1979.

Rather, in 1979 the applicable statute which did govern the enforcement of judgments and creation of judgment liens in Ohio was R.C. 2329.02. Because appellants failed to comply with the applicable statute, they failed to obtain a valid and enforceable judgment lien prior to the

death of the judgment debtor in the instant case. R.C. 2329.02 provides in pertinent part:

*"Any judgment or decree rendered by any court of general jurisdiction,* including district courts of the United States, *within this state* shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof. * * *" (Emphasis added.)

The statute clearly required that judgment liens could arise only from judgments or decrees rendered by courts within the state of Ohio. Thus, by the very terms of R.C. 2329.02, those who had obtained a foreign judgment were first required to reduce that foreign judgment to a valid Ohio judgment in order to create and perfect a valid and enforceable judgment lien. See *Devou* v. *Devou* (1939), 65 Ohio App. 508, 510 [17 O.O. 183]. See, also, *Miller* v. *Bock Laundry Machine Co.* (1980), 64 Ohio St. 2d 265 [18 O.O.3d 455].

Instead of reducing their 1979 Indiana judgment to a valid and enforceable Ohio judgment, appellants merely filed a certificate of a foreign judgment with the clerk of courts. Without a certificate of judgment from a court of general jurisdiction in Ohio, no judgment lien was created or enforceable against the real property of the judgment debtor prior to his death on June 4, 1983. Further, appellants cannot now obtain a judgment lien and foreclosure even under the new statutory provisions for the enforcement of foreign judgments. It is well-settled that no lien is obtained by a certificate of judgment filed after the judgment debtor's death, since his real property descends to his heirs at time of death. *Parsons* v. *Parsons* (P.C. 1963), 92 Ohio Law Abs. 74, 75 [27 O.O.2d 120]; *Miller* v. *Taylor* (1876), 29 Ohio St. 257. The court of appeals thus correctly held that appellants had no valid lien on the Bowling property pursuant to R.C. 2329.02 and that the statutory provisions of the Uniform Enforcement of Foreign Judgments Act were not applicable to appellants' judgment.

Appellants also argue that their 1979 judgment was enforceable by operation of Section 1, Article IV, of the United States Constitution, the Full Faith and Credit Clause. This contention is misplaced. The Full Faith and Credit Clause does require the courts of this state to honor judgments of a sister state without re-examining the merits of the claims. *Durfee* v. *Duke* (1963), 375 U.S. 106, 110-111; *Milliken* v. *Meyer* (1940), 311 U.S. 457, 462; *Miller* v. *Bock Laundry Machine Co., supra,* at 266. Full faith and credit does *not* mean that a judgment of a court in one state is automatically entitled to *enforcement* in another state. States may require

a new lawsuit to enforce a foreign judgment. *Riley* v. *New York Trust Co.* (1942), 315 U.S. 343, 349; *Milwaukee County* v. *M. E. White Co.* (1935), 296 U.S. 268, 276. Appellants' foreign judgment was given full faith and credit by the trial court. That judgment simply was not enforceable as a lien against the real property of the judgment debtor because of appellants' failure to comply with R.C. 2329.02.

For the foregoing reasons the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.