**Lorain National Bank**
v.
**McGregor**
*[Cite as 5 AOA 222]*

*Case No. 90CA004744*
*Lorain County, (9th)*
*Decided August 14, 1990*

*James W. Moennich, Attorney at Law, 209 Sixth St., Lorain, OH 44052, for Plaintiff.*

*Russell D. Provenza, Attorney at Law, 218 Eighth St., P. O. Box 146, Lorain, OH 44052, for Defendants.*

CIRIGLIANO, J.

This cause is before the court upon appellant, Maybelle Gailas' challenge to the trial court's judgment granting appellee's, Lorain National Bank, (Bank) motion for summary judgment regarding the order of priority of a judgment lien in real property subject to a foreclosure suit. We reverse.

The facts in this appeal are matters of record and were stipulated to by the parties in the proceedings on the Bank's motion for summary judgment. In the interest of brevity, they are presented chronologically in the following manner:

"***.

"1. Gus T. Gailas obtains a judgment in Lorain Municipal Court against Rick A. McGregor for $9,602.55, plus interest and costs, on July 13, 1982:

"2. A Certificate of Judgment was filed in the office of the Lorain County Clerk of Courts on July 20, 1982;

"3. On October 11, 1983, Rick A. McGregor obtained title to the subject real property by deed filed for record on said date;

"4. The first mortgage to the Bank was recorded immediately thereafter on October 11, 1983;

"5.[A] Certificate of Judgment was refiled on January 9, 1984, and became a lien against the subject premises;

"6. The second mortgage to the Bank was recorded on April 9, 1986;

"7. Gus T. Gailas died on January 23, 1988;

"8. The judgment was assigned to the Appellant from the estate of Gus T. Gailas on December 27, 1988;

"9. A Certificate of Judgment was reissued and filed on December 30, 1988;

"10. On February 7, 1989, the foreclosure suit was filed."

The Bank filed an amended complaint after it was discovered that the real party in interest was MayBelle Gailas, assignee of the judgment lien rights from Gus T. Gailas, dba Lorain Roofing Company. A suggestion of death of Gus T. Gailas was filed followed by appellant's answer and cross-claim, which latter pleading asserted an interest in the real property that was the subject of the foreclosure action.

The Bank filed a motion for summary judgment and a hearing was held determining the priority issue as between the Bank and the appellant. The trial court ruled that the Bank's second mortgage had priority over the appellant's judgment lien based upon construction of R.C. 2325.19 and the trial court's belief that the lien became dormant upon the original judgment creditor's death. This appeal followed.

*Assignment of Errors*

"The final order of the Court of Common Pleas of Lorain County granting summary judgment in favor of the plaintiff as a matter of law, the judgment lien which had been assigned to the defendant from the estate of the original deceased judgment creditor had not become dormant and was entitled to be assigned a priority status following the plaintiff's first mortgage and prior to the plaintiff's second mortgage as a lien against the title to the real property which was the subject of plaintiff's foreclosure suit."

Appellant's assignment of error raises the sole issue of the effectiveness of the appellant's asserted judgment lien and whether such lien is entitled to an order of priority superior to the Bank's second mortgage lien.

Judgment liens are entirely creatures of statute. *Dressler v. Bowling* (1986), 24 Ohio St. 3d 14. Clearly, under Ohio law, when a certificate of judgment is filed with the county's clerk of court's office a lien is immediately created and is effective from the date of filing on all real estate owned by the judgment debtor in that county. R.C. 2329.02; *Tyler Refrig. Equip. Co. v. Stonick* (1981), 3 Ohio App. 3d 167; *Feinstein v. Rogers* (1981), 2 Ohio App. 3d 96, 97-98.

Unless the judgment lien becomes dormant, there is no legal impediment to its collection. The Bank argues that the judgment lien became dormant upon the death of the original judgment creditor, on January 23, 1988, and cites as authority for this proposition *Rankin v. Hannan* (1881), 37 Ohio St. 113. However, appellee's reliance is misplaced. A more complete reading of this case reveals that a judgment creditor's death destroys the lien only if the legal right to collect

the judgment does not vest in another. An appointed representative may elect to maintain an action to execute the judgment lien or may seek not to pursue such an action.

In the present case, upon the death of the original judgment creditor the lien rights were assigned to appellant and a certificate of judgment was reissued and refiled. The Bank concludes that appellant's renewal of the certificate of judgment was an attempt to revive a dormant judgment lien in which case the revivor is subordinate to the rights of others acquired or subsisted during the dormancy. See *Miner v. Wallace* (1841), 10 Ohio 404; *Norton v. Beaver* (1831), 5 Ohio 178.

The Bank's argument is flawed in that it is premised upon the belief that the judgment lien.. became dormant. Since the creation of judgment liens are statutory in nature, the issue of dormancy is likewise statutorily controlled. The statute governing the dormancy of a judgment lien is R.C. 2329.07 which states in part as follows:

"If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of the common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

"*** ."

There is no statute rendering a judgment dormant upon the death of the judgment creditor.

The record in this case is quite clear that the original certificate of judgment, filed in 1982, was refiled in 1984. This renewal of the judgment lien occurred after the Bank's 1983 first mortgage lien, which created a lien on the subject real property obtained by McGregor that same year. Upon the original judgment creditor's death in 1988, the lien rights were assigned to the appellant and .the certificate of judgment was reissued later in 1988. Accordingly, pursuant to R.C. 2329.07, appellant's judgment lien was first renewed in 1984 and renewed again in 1988 before the expiration of 5 years from the filing of the last certificate of judgment and therefore, the judgment lien has vitality and priority over the Bank's second mortgage lien.

The summary judgment granted to the bank was not founded upon a proper application of the operative law pertaining to judgment liens. The trial court erroneously relied upon R. C. 2325.19 which addresses the issue of revivor of a judgment lien, when in this case the judgment lien properly avoided dormancy. The judgment of the trial court is reversed and the cause is remanded for judgment consistent with this opinion.

The Court finds that there were reasonable grounds for this appeal.

We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E).

*Judgment reversed and*
*cause remanded.*

BAIRD, P.J., and HAYES, J., concur.

HAYES, J., Judge of the Domestic Relations Court of Portage County, sitting by assignment pursuant to Article IV, Section 5(A) (3), Constitution.