BRANDON et al., Appellees,

v.

KEATON, Exr., et al., Appellants.

[Cite as *Brandon v. Keaton* (1993), 90 Ohio App.3d 542.]

Court of Appeals of Ohio,
Clark County.

No. 3019.

Decided Sept. 29, 1993.

*Samuel J. Petroff,* for appellees.

*Charles A. Balzer,* for appellants.

*Stephen Schumaker,* Clark County Prosecuting Attorney, for Clark County Treasurer.

*Rick E. DeBlasis,* for Federal National Mortgage Association.

———

WOLFF, Judge.

Rose A. Keaton, individually and as executor of the estate of Jimmie D. Keaton, appeals from a summary judgment granted in favor of the plaintiffs, Michael A. Brandon, Melody Wiley and William Gene Wiley, Jr., authorizing the marshalling of liens in a foreclosure action.

The undisputed factual background and procedural history are as follows.

On January 5, 1990, the plaintiffs, Michael Brandon, Melody Wiley and William Wiley, obtained judgments against Jimmie D. Keaton in the amounts of $9,000, $1,000, and $5,000, respectively. Jimmie Keaton died on June 3, 1990 before making any payments on these judgments. Rose Keaton, decedent's widow, was appointed executor of his estate on June 28, 1990.

Each plaintiff filed a certificate of judgment on June 6, 1990. On January 4, 1991, Rose Keaton filed a motion to be substituted as a party and for relief from judgment in the underlying case. Rose Keaton, as executor, was later entered as a party defendant in that case, and her motion for relief from judgment was denied.

The plaintiffs initiated the present action on December 30, 1991, to foreclose on the decedent's real estate interest to satisfy their judgments. The plaintiffs and Rose Keaton each filed motions for summary judgment. The plaintiffs argued that their certificates of judgment give them a security interest in the decedent's real estate interest upon which they were entitled to foreclose. Rose Keaton argued that upon Jimmie Keaton's death his interest in the real property, which he had held as a tenant in common with her, vested in her according to his will, so that she owned the entire interest in the property at the time the certificates naming Jimmie Keaton as the judgment debtor were filed. Rose Keaton also asserted that the plaintiff's claims were barred as against the estate because they had not been presented within one year of the decedent's death.

The trial court granted the plaintiffs' motion for summary judgment and denied Rose Keaton's motion for summary judgment, holding that the plaintiffs had substantially complied with the presentment requirements of R.C. 2117.06.

Rose Keaton filed a timely notice of appeal and asserts two assignments of error. Due to the substantial similarity of the issues involved, both assignments of error will be considered together.

Combined Assignments of Error I and II.

"The trial court erred in sustaining plaintiff-appellees' motion for summary judgment and in overruling defendant-appellant's motion for summary judgment."

According to Civ.R. 56, to prevail on a motion for summary judgment, the movant must prove each prong of the three-part test established by the Ohio Supreme Court in *Harless v. Willis Day Warehousing Co., Inc.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. The movant must show that (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made, who is entitled to have the evidence construed most strongly in his favor. *Id.* Both the plaintiffs and Rose Keaton agree that there are no questions as to any material fact, so this case required only a determination of the law, which made it suitable for disposition by summary judgment.

In her brief, Rose Keaton raises two issues of law: (1) whether the plaintiffs obtained judgment liens on the decedent's property by filing certificates of judgment after his death, and (2) whether the plaintiffs properly presented their claims against the decedent's estate within one year of his death as required by statute.

As to the first issue, Rose Keaton argues that the plaintiffs did not have a lien on the decedent's property because their certificates of judgment were filed three days after Jimmie Keaton died, after his interest in the real property had vested in his devisee, thus leaving no interest to which a lien could attach. The plaintiffs counter this argument by pointing out that the heirs' rights in any bequest are subject to claims against the estate.

The Ohio Supreme Court addressed this issue in 1986. It held that no lien is obtained by a certificate of judgment filed after the judgment debtor's death because the real property descends to the heirs at the time of death. *Dressler v. Bowling* (1986), 24 Ohio St.3d 14, 16, 24 OBR 12, 13, 492 N.E.2d 446, 448. The plaintiffs contend that the present case is distinguishable from *Dressler* in that the Supreme Court considered the validity of a certificate of a foreign judgment in *Dressler,* according to the prior state of the law, rather than an Ohio judgment, which is involved in this case. However, this distinction fails because the *Dressler* court also noted that the current state of the law treats foreign judgments in the same manner as Ohio judgments. *Id.* at 15, 24 OBR at 13, 492 N.E.2d at 448. The court then held that the appellants in *Dressler* could not obtain a judgment lien even under the new law because the judgment debtor had died, and "[i]t is well-settled that no lien is obtained by a certificate of judgment

filed after the judgment debtor's death, since his real property descends to his heirs at time of death." *Id.* at 16, 24 OBR at 13, 492 N.E.2d at 448.

Given the holding of the Ohio Supreme Court, we conclude that the certificates of judgment filed after Jimmie Keaton had died did not create liens on his real property. A decedent's estate is fixed at the time of his death, and a judgment alone is not a lien on the estate. *Ohio Citizens Bank v. Meyer* (1985), 23 Ohio App.3d 74, 76–77, 23 OBR 138, 139–142, 491 N.E.2d 319, 321–322.

The trial court determined that by virtue of Rose Keaton's involvement in the underlying case wherein judgments were entered against Jimmie Keaton, she was aware of the plaintiffs' claims. This awareness, according to the trial court, was sufficient to satisfy the requirement imposed by R.C. 2117.06 of timely presentment of claims against the estate. Because it found that plaintiffs had, in effect, timely presented their claims against the estate of Jimmie Keaton, the trial court authorized foreclosure upon the judgment liens, and the marshalling of liens.

In the original and amended complaints, the plaintiffs sought foreclosure of the judgment liens, the marshalling of liens, and an order of sale of the allegedly encumbered property, pursuant to R.C. 2323.07. This section provides for an order of sale when a mortgage is foreclosed or a specific lien enforced. The plaintiffs had neither a mortgage nor a specific lien upon the decedent's property, so they were not entitled to an order of sale pursuant to R.C. 2323.07.

Even had the plaintiffs made a timely presentment of their claims against the estate—an issue we need not reach—a timely presentment would not have created liens upon the subject real estate. Such liens would have been necessary to enable the plaintiffs to reach the real estate by the means sought in their complaint and amended complaint.

For the aforementioned reasons, we find that the trial court erred in granting the plaintiffs' motion for summary judgment and in denying Rose Keaton's motion for summary judgment. Accordingly, the assignments of error are sustained.

The judgment of the Clark County Court of Common Pleas is reversed, and summary judgment for Rose Keaton will be entered pursuant to App.R. 12(B).

*Judgment accordingly.*

GRADY, P.J., and FAIN, J., concur.