RION et al., Appellees,

v.

MOM AND DAD'S EQUIPMENT SALES AND RENTALS, INC.
et al., Appellees; Spivey, a.k.a. Springer, Appellant.

[Cite as *Rion v. Mom & Dad's Equip. Sales & Rentals,
Inc.* (1996), 116 Ohio App.3d 161.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10-96-05.

Decided Dec. 4, 1996.

*Meikle, Tesno & Luth* and *William Meikle*, for appellees.

*Yale & Associates Co., L.P.A.*, and *Benjamin F. Yale*, for appellant.

SHAW, Judge.

Defendant-appellant, Anita Springer, a.k.a. Spivey, appeals the judgment of the Common Pleas Court of Mercer County, Domestic Division, in which she was found liable in Ohio for a judgment rendered in the state of Florida in 1974.

On August 30, 1973, the court for the Tenth Judicial Circuit for Polk County, Florida, granted a default judgment against defendant in the amount of $101,-744.70. This default became a "partial final judgment" within the state of Florida on November 1, 1974. In July 1981, defendant filed bankruptcy and listed plaintiffs as a creditor. However, defendant did not include plaintiffs' correct address in the petition, thereby negating notice to plaintiffs of defendant's pending bankruptcy.

By 1988, the uncollected judgment was assigned from plaintiffs to another, who sought to enforce the fourteen-year-old judgment in Florida. As a result of this action to collect the judgment, plaintiffs forced defendant to reopen her bankruptcy proceedings. At this time, defendant provided the correct address of plaintiffs in her creditor listing, while plaintiffs sought exemption from discharge due to lack of notice of the pending bankruptcy.

The bankruptcy court issued its opinion on May 17, 1991. This opinion held that plaintiffs had no knowledge of Springer's bankruptcy until 1988. Furthermore, plaintiffs were deemed a nondischargable creditor. Defendant appealed this decision to the United States District Court, Middle District of Florida. On April 14, 1992, a bankruptcy notice of compliance to allow post-judgment collection proceedings was issued.

This matter began its Ohio phase on September 28, 1993, when plaintiffs filed the nineteen-year-old Florida judgment in Ohio under the Uniform Enforcement of Foreign Judgments Act, R.C. 2329.021 to 2329.027. Under Florida law, the judgment was enforceable because the twenty-year statute of limitations had not passed. Thereafter, pursuant to Ohio law, a one-month statutory stay was imposed on the judgment.

Upon the expiration of the stay, defendant filed a motion challenging the plaintiffs' action. In this October 28, 1995 motion, defendant argued that the claim was time-barred under Ohio's fifteen-year statute of limitations and that the pending bankruptcy appeal proceedings in Florida required resolution before any further action on enforcement of the judgment in Ohio could occur. The Mercer County Common Pleas Court stayed proceedings of this matter on December 14, 1993.

Meanwhile, the District Court in Florida affirmed the bankruptcy court's decision on March 29, 1995. After defendant missed the appeal filing deadline of April 28, 1995, plaintiff moved for the lifting of the stay in Ohio on May 10, 1995.

On May 26, 1995, defendant motioned to file a delayed appeal with the district court in Florida. This motion, and the request to file an explanatory brief, was denied by the district court on June 19, 1995. One month later, on July 18, 1995, defendant appealed the June 19, 1995 district court decision to the United States Court of Appeals for the Eleventh Circuit. This matter is still pending before that court.

In Ohio, on July 26, 1995, the Mercer County court lifted the previously imposed stay, which had been in place for nineteen consecutive months. In response, defendant filed a Civ.R. 60(B) motion on August 8, 1995, requesting the court to vacate the Florida judgment because it was time-barred in Ohio. On April 29, 1996, the court denied this motion. The court made three determinations. First, Florida's statute of limitations was controlling on this matter. Second, the Florida judgment became an Ohio judgment on September 29, 1993. Third, the August 8, 1995 motion to vacate the judgment was untimely filed. Following this decision, defendant filed this appeal.

Defendant lists the following as assignment of errors:

"I. The court of common pleas erred when it found that R.C. 2305.06 (the fifteen-year statute of limitations for commencement of an action to enforce a foreign judgment) did not bar filing a 19-year-old Florida judgment in Ohio under R.C. 2329.021–.027 (Uniform Enforcement of Foreign Judgments Act);

"II. The court of common pleas erred when it rejected the law of the forum and applied the foreign state's statute of limitations in an Ohio case;

"III. The court of common pleas abused its discretion when it refused to vacate a foreign judgment which was unenforceable in Ohio because of time."

Because the first two assignments of error involve common questions of law and fact, these will be addressed together.

■ Defendant's first assignment of error asserts that the Ohio statute of limitations should apply to judgments registered under Ohio's version of the Uniform Enforcement of Foreign Judgments Act ("UEFJA").

■ The United States Constitution, through the Full Faith and Credit Clause, requires Ohio courts to give full faith and credit to judgments from foreign jurisdictions. Section 1, Article IV, United States Constitution. This provision reads as follows:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

The "full faith and credit" language has also been codified in Section 1738, Title 28, U.S.Code. In essence, this constitutional provision requires the courts of this state to honor judgments from other states without re-examining the merits of their claims. *Durfee v. Duke* (1963), 375 U.S. 106, 110–111, 84 S.Ct. 242, 244–245, 11 L.Ed.2d 186, 190–191; *Dressler v. Bowling* (1986), 24 Ohio St.3d 14, 16, 24 OBR 12, 13–14, 492 N.E.2d 446, 448–449.

■ The UEFJA is intended to be a speedy and economical method of recognizing judgments consistent with the United States Constitution. The UEFJA provides an option for a judgment creditor to enforce the judgment. R.C. 2329.021 to 2329.027. While this may be accomplished through the registering provisions of the UEFJA, R.C. 2329.022, the creditor may also choose to bring a direct action to enforce the judgment, R.C. 2329.26 and 3115.01 to 3115.34. In sum, the UEFJA is not an exclusive method to enforce judgments, but simply an option available to a judgment creditor.

■ However, as stated by the Ohio Supreme Court in *Dressler, supra*, 24 Ohio St.3d at 16–17, 24 OBR at 14, 492 N.E.2d at 449.

"Full faith and credit does *not* mean that a judgment of a court in one state is automatically entitled to *enforcement* in another state. States may require a new lawsuit to enforce a foreign judgment." (Emphasis *sic*.)

In *Dressler*, the court gave the foreign judgment full effect. *Id.* However, enforcement of the judgment was denied because it was not reduced to a valid Ohio lien as required by statute, R.C. 2329.02. *Dressler, id.*, at 16–17, 24 OBR at 13–14, 492 N.E.2d at 448–449. Concededly, *Dressler* did not address enforcement of a foreign judgment under the terms of the UEFJA. However, we find the Ohio Supreme Court's distinction between a judgment's validity and enforcement persuasive in this context.

This case presents the same issue as in *Dressler*. Plaintiffs have a valid Florida judgment and have attempted to utilize Ohio's version of the Uniform Enforcement of Foreign Judgment Act to give the judgment effect. Plaintiffs began by properly registering the 1974 Florida judgment with the Common Pleas Court of Mercer County. In response, defendant raised a defense and requested a stay of proceedings.

The statute which controls the filing of authenticated copies of foreign judgments, R.C. 2329.022, reads as follows:

"A copy of any foreign judgment authenticated in accordance with section 1738 of Title 28 of the United States Code, 62 Stat. 947 (1948), may be filed with the clerk of any court of common pleas. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of common pleas. A foreign

judgment filed pursuant to this section has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of common pleas and may be enforced or satisfied in same manner as a judgment of a court of common pleas."

In this case, defendant is attempting use R.C. 2305.06, the statute of limitations for contracts in writing, as a defense within the meaning of R.C. 2329.022. R.C. 2305.06 states:

"Except as provided in sections 126.301 and 1302.98 of the Revised Code, an action upon a specialty or an agreement, contract, or promise in writing shall be brought within fifteen years after the cause thereof accrued."

Defendant contends that the registered foreign judgment is a specialty, thereby implicating the use of this statute. *Alropa v. Kirchwehm* (1941), 138 Ohio St. 30, 33, 19 O.O. 484, 485, 33 N.E.2d 655, 656–657, rehearing denied and appeal dismissed (1941), 313 U.S. 549, 61 S.Ct. 1120, 85 L.Ed. 1514; *Blumberg v. Saylor* (1955), 100 Ohio App. 479, 483, 60 O.O. 380, 383, 137 N.E.2d 696, 701, appeal dismissed (1955), 164 Ohio St. 188, 57 O.O. 376, 129 N.E.2d 383. Thus, continues defendant's argument, because a foreign judgment is a specialty, is governed by a fifteen-year limitations period, and according to the UEFJA, is subject to the same defenses a judgment of the registering common pleas court, this judgment is void. This is because the judgment was brought to Ohio beyond the fifteen-year enforcement period.

Plaintiffs, however, assert that the specific provisions of the UEFJA should apply, rather than Ohio's general statutory limitations pertaining to contracts. This claim is based on the fact that the UEFJA has no statute of limitations. Furthermore, none is needed, since it is a statute under which claims are registered, rather than one which creates actions. Plaintiffs assert that in applying the policies of the Full Faith and Credit Clause and the UEFJA, the limitations period of the jurisdiction rendering the judgment should apply. Thus, the judgment registered is enforceable since the twenty-year statute of limitations is in force.

Plaintiffs are correct that the UEFJA includes no provisions for limitation periods. Further, the United States Constitution requires Ohio courts to honor out-of-state judgments as their own. Section 1, Article IV, United States Constitution. Therefore, plaintiffs registered a valid default judgment, the merits of the claim cannot be re-examined, and the UEFJA governs the procedures followed in this case. However, the UEFJA also states that the registering state's "procedures, defenses, and proceedings for reopening, vacating, or staying" a judgment (in this case Ohio's) also apply to a registered claim. R.C. 2329.022. In other words, while the UEFJA has no limitation period to filing a

foreign judgment, there is a time period for enforcing that judgment in the registering state.

In this case, the validity of the foreign judgment is not questioned, only its enforceability. Thus, defendant has raised a defense under Ohio law, applicable to UEFJA proceedings by way of R.C. 2329.022. This defense is also valid. Within the meaning of R.C. 2305.06, foreign judgments are specialities and subject to a fifteen-year limitation period. Since plaintiffs brought their judgment to Ohio beyond the statutorily stated time period, enforcement is barred. Accordingly, defendant's first two assignments of error are sustained.

Defendant's final assignment of error asserts that her Civ.R. 60(B)(5) motion for relief from judgment should be granted because the trial court rendered a void judgment.

However, given our resolution of defendant's first two assignments of error, we decline to address this claim, as it is moot. Under the Ohio statute of limitations applicable to this registered judgment, the claim is barred from enforcement in Ohio, and defendant's motion for relief from judgment should have been granted on this basis alone pursuant to Civ.R. 60(B)(5). Thus, answering the question of whether the trial court erred in not granting Civ.R. 60(B) relief on some other basis is unnecessary for resolution of this matter.

In sum, the first two of defendant's assignment of errors are sustained, and the 1974 registered judgment is barred from enforcement within Ohio due to the application of the statute of limitations. Accordingly, the April 29, 1996 decision of the trial court decision denying defendant's Civ.R. 60(B) motion is reversed, and this cause is remanded to the trial court for entry of judgment consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY, P.J., and EVANS, J., concur.