**In the Matter of Ruby CAMACHO, Debtor.**

**Ruby CAMACHO, Plaintiff,**

**v.**

**BENEFICIAL FINANCE COMPANY OF STERLING, A Colorado Corporation, Defendant.**

**Bankruptcy No. BK80–600.**
**Adv. No. A80–285.**

United States Bankruptcy Court, D. Nebraska.

March 30, 1982.

Robert Brenner, Gering, Neb., for Beneficial Finance.

Joe Louie Romero, Scottsbluff, Neb., for Ruby Camacho.

## MEMORANDUM

DAVID L. CRAWFORD, Bankruptcy Judge.

Ruby Camacho brought this adversary proceeding alleging two causes of action against defendant Beneficial Finance Company of Sterling. The first cause of action seeks to avoid a prepetition judgment lien on real estate and its subsequent foreclosure as a preference under 11 U.S.C. § 547. The second cause of action seeks to avoid the judicial lien under 11 U.S.C. § 522(f)(1). In neither cause of action may the plaintiff prevail, given the facts which are stipulated.

Plaintiff filed her Chapter 7 petition on March 28, 1980. Prior to that date, she had executed a promissory note on March 4, 1976, to the defendant, Beneficial Finance. Beneficial Finance later sued Mrs. Camacho and obtained a judgment against her on February 16, 1979, for the unpaid amount due on the note. The stipulated facts provide that on February 28, 1979, Beneficial Finance registered its judgment in the Scottsbluff District Court, thus obtaining a judgment lien against Mrs. Camacho's real estate. After two ineffective attempts at execution sales, on March 6, 1980, another execution sale was conducted and the sale completed and on March 25, 1980, an order was issued by the District Court of Scotts Bluff County, Nebraska, confirming the sale. On March 27, 1980, the real estate was conveyed by sheriff's deed on execution sale to Beneficial Finance and this deed was recorded on March 27, 1980, the day before the filing of the Chapter 7 petition in bankruptcy.

As noted, plaintiff's first cause of action alleges a preference was made to Beneficial Finance which I gather is premised on the execution sale and sheriff's deed which occurred immediately before the filing of the petition for relief herein. However, § 547 specifically provides that, with regard to real estate, a transfer is deemed to have occurred when it is effective against a bona fide purchaser. 11 U.S.C. § 547(e)(1)(A). For the purpose of the Bankruptcy Code, 11 U.S.C. § 101(40) defines transfer as:

"... every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or with an interest in property, including retention of title as a security interest."

Accordingly, under the broad definition of "transfer", the transfer of the debtor's interest for the purpose of any possible preference to a creditor on behalf of an antecedent indebtedness occurred when the transfer was so far completed that it was effective as against a bona fide purchaser. Under Nebraska Recording Statutes relative to real estate, that was at the point when the judgment lien became a lien on real estate which is stipulated in the facts to be February 28, 1979, approximately 11 months before the petition for relief was filed. Accordingly, since the reachback period under 11 U.S.C. § 547 is ninety days with regard to anyone except an "insider" (a term of art not relevant here), no preference can be said to have occurred with regard to Beneficial Finance. In other words, the enforcement of the judgment lien, insulated because it occurred more than ninety days before the petition for relief, is not the transfer which § 547 would avoid.

The plaintiff's second cause of action is premised on 11 U.S.C. § 522(f)(1) which authorizes the avoidance of judicial liens which impair exemptions applicable to debtors. Again, the facts presented establish no cause of action in favor of Mrs. Camacho. Under the facts, the judicial lien had been completely enforced through a sheriff's sale and delivery of a deed to the purchaser and its recording, all prior to the petition for relief being filed. Accordingly, no judicial lien existed on the date of the filing of the petition for relief. In other words, the judicial lien had been extinguished through its enforcement by sale and delivery of deed.

Accordingly, since there is no transfer within the ninety-day reachback period which can be avoided as an involuntary preference and since there was no judicial lien in existence on the date of the filing of

the petition for relief, plaintiff must fail on both her first and second causes of action. A separate judgment is entered in accordance with the foregoing.