**In re Tony and Teresa
PENDERGRASS,
Debtor(s)**

**Margaret A. Burks, Trustee, Plaintiff**

**v.**

**Mortgage Electronic Registration
System, Defendants.**

**Bankruptcy No. 06–10719.
Adversary No. 06–1291.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

May 3, 2007.

Francis J. DiCesare, Cincinnati, OH, for Plaintiff.

---

Mortgage Electronic Registration Systems, Columbus, OH, pro se.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

J. VINCENT AUG, Jr., Bankruptcy Judge.

This matter is before the Court on Defendant Mortgage Electronic Registration System's ("MERS") motion for summary judgment (Doc. 13), the Chapter 13 Trustee's response (Doc. 14), and MERS' reply (Doc. 15).

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

This adversary proceeding arises under 11 U.S.C. § 547(b). The Chapter 13 Trustee contends that MERS' mortgage is avoidable as a preference because the mortgage was perfected outside the 30 day safe harbor provision of § 547(e)(2). MERS contends that its mortgage was perfected inside the 30 day period. The outcome depends on when the transfer, which was a refinance transaction, "was made."

Summary judgment is appropriate when the pleadings, answers to interrogatories, and admissions on file, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See* Bankruptcy Rule 7056.

The material facts are not in dispute. The refinance [1] transaction closed on January 13, 2006. Under 15 U.S.C. § 1601 *et seq.* (Regulation Z), the Debtors had until January 18, 2006 to rescind the transaction. Funds were distributed on January 19, 2006. The mortgage was recorded on February 16, 2006. The bankruptcy petition was filed on March 23, 2006.

The elements of a preference are set forth in § 547(b). The element at issue is whether the transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made." 11 U.S.C. § 547(b)(2). If the transfer "was made" on the closing date, as the Trustee argues, then the transfer was outside the 30 day safe harbor provision. If the transfer "was made" on the disbursement date, as MERS argues, then the transfer was made inside the 30 day safe harbor provision.

The Sixth Circuit has already answered this question, albeit in an unpublished decision. *In re Lowe*, 92 Fed.Appx. 129 (6th Cir.2003). In *In re Lowe*, the Sixth Circuit reasoned that because the debtor had an absolute right to cancel the refinance transaction and rescind the mortgage under Regulation Z, the actual disbursement date was the date the transfer was made. We find this position to be persuasive. This position has been followed by other courts. *See In re Comps*, 334 B.R. 235 (Bankr.E.D.Mich.2005) (citations omitted). The case cited by the Trustee, *In re Lepelley*, 233 B.R. 802 (Bankr.N.D.Ohio 1999), is distinguishable because it did not directly address the effect of the rescission period. Also, *In re Lepelley* was decided before *In re Lowe*. Contrary to the Trustee's contention, the law in Ohio is the same as the law in Kentucky and Michigan [2] in that a mortgage secures the obligation itself, not the note. *See* 69 Ohio Jur.3d § 71 (citing *Kuhns v. McGeah*, 38 Ohio St. 468 (1882)). Thus, the date the obligation arose, i.e., the disbursement date, is the controlling date.

---

1. The lender paid off at the closing was not MERS.

2. *In re Lowe* involved Kentucky property and *In re Comps* involved Michigan property.

Accordingly, Defendant MERS' motion for summary judgment is hereby GRANTED.

IT IS SO ORDERED.