436 B.R. 491 (2010)
In re Evelyn Marie LaROTONDA, Debtor(s).
Bruce C. French, Trustee, Plaintiff(s)
v.
State Farm Mutual Automobile Insurance Co., Defendant(s).
Nos. 10-3072, 09-37897.
United States Bankruptcy Court, N.D. Ohio.
August 27, 2010.
*492 Randy Lee Reeves, Lima, OH, for Debtor.
*493 Bruce C. French, pro se.
Steven J. Zeehandelar, Columbus, OH, for Defendant.

DECISION AND ORDER
RICHARD L. SPEER, Bankruptcy Judge.
This cause comes before the Court on the Motion of the Plaintiff/Trustee, Bruce French, for Summary Judgment. (Doc. No. 12). Said motion is brought on the Plaintiff's complaint to avoid, as a preferential transfer, any liens held against estate property by the Defendant, State Farm Mutual Automobile Insurance Company. (Doc. No. 1). Against the Plaintiff's Motion for Summary Judgment, the Defendant filed a Response, objecting to the relief sought by the Plaintiff. In support of their respective positions, each of the Parties submitted written arguments. The Court has now had the opportunity to review all of the arguments of counsel and exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be Granted.

FACTS
On April 4, 2006, the Defendant, State Farm Mutual Automobile Insurance Company (hereinafter the "Defendant") obtained a judgment against the Debtor, Evelyn Marie LaRotonda. The judgment was for the sum of $60,000.00, plus interest. On September 14, 2009, the Defendant filed a certificate of its judgment in the office of the clerk of courts for the common pleas court in Allen County, Ohio. Pursuant to O.R.C. § 2329.02, the filing by the Defendant of its certificate of judgment gave rise to a lien upon all interests in "lands and tenements" held by the Debtor within the county.
On November 12, 2009, less than 90 days after the Defendant filed its certificate of judgment, the Debtor filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. At the time she filed for bankruptcy relief, the Debtor held an undivided interest with her husband in two parcels of real property. These properties, one of which included her residence, were disclosed to have an aggregate value of $179,000.00 and, inclusive of the Defendant's interest, were reported to be encumbered by secured claims in the amount of $128,057.07.
After filing for bankruptcy relief, the Plaintiff, Bruce C. French, was appointed the trustee of the Debtor's bankruptcy case. 11 U.S.C. § 701. As Trustee, the Plaintiff commenced the action now before the Court to avoid, as a preferential transfer pursuant to 11 U.S.C. § 547, any judgment liens held by the Defendant against estate property.

DISCUSSION
Before this Court is the Trustee's Complaint to avoid, as a preferential transfer, any judgment liens held by the Defendant against estate property. Proceedings to determine, avoid, or recover preferences are deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(F). Accordingly, as a core proceeding, this Court has jurisdiction to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).
Procedurally, the determination of the Trustee's action to avoid the Defendant's judgment lien as a preferential transfer is before this Court on the Plaintiff's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides, in part: A party will prevail on a motion *494 for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. R.E. Cruise Inc. v. Bruggeman, 508 F.2d 415, 416 (6th Cir.1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. Matsushita v. Zenith Radio Corp., 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).
A prime policy goal of the Bankruptcy Code is to effectuate an equitable distribution of a debtor's nonexempt assets among similarly situated creditors. In re Shelton Harrison Chevrolet, Inc., 202 F.3d 834, 837 (6th Cir.2000). Creditors who improve their position in the time period immediately preceding the commencement of a debtor's bankruptcy case potentially frustrate this goal. To address this situation, the Bankruptcy Code empowers a bankruptcy trustee to avoid certain types of prepetition transfers made of a debtor's interest in property when the transfer occurs within 90 days of the commencement of the case (or within one year if the transferee qualifies as an "insider") and when the transfer has the effect of preferring one creditor over a debtor's other creditors. 11 U.S.C. § 547.
In order for a transfer to qualify as preferential, subjecting the transfer to avoidance within the meaning of the Bankruptcy Code, the transfer must satisfy the statutory elements of § 547. These elements, five in number, are set forth in paragraphs (1) through (5) of § 547(b), with this provision providing:
(b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property 
(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made 
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if 
(A) the case were a case under chapter 7 of this title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this title.
The Trustee bears the burden of proving, by at least a preponderance of the evidence, the existence of each of these elements. In re Southern Air Transport, Inc., 511 F.3d 526, 534 (6th Cir.2007).
Against his Motion for Summary Judgment, the Defendant did not challenge the Trustee's ability to sustain his burden of proof for the first four elements set forth in § 547(b). Rather, in opposition to the Trustee's Motion for Summary Judgment, the Defendant controverted only the last element of a preferential transfer as set forth in paragraph (5) of § 547(b): whether the transfer enabled it to receive more *495 than it would have received in a hypothetical Chapter 7 case had the transfer not occurred.
This fifth element of § 547(b) implements the central concept of a preferential transfer  an improvement by the creditor of its position vis-a-vis the estate as a result of the transfer. See In re Auto Specialties Mfg. Co., 153 B.R. 510, 519 (Bankr.W.D.Mich.1993). It is the Trustee's position that this element is satisfied because, within the 90-day preference period, the "defendant converted its judgment into a Certificate of Judgment, thus attempting to improve its position by becoming a secured lien holder upon the debtor's realty." (Doc. No. 12). The Trustee's position relies on the unsecured nature of judgments and the effect of O.R.C. § 2329.02.
Ohio Revised Code § 2329.02 provides, in relevant part:
Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of such judgment. . . .
The effect of this provision is to convert an unsecured judgment into a judgment lien, thereby securing the obligation against all interests held by a debtor in real property from the time the certificate of judgment is filed. Dietl v. Sipka, 185 Ohio App.3d 218, 222, 923 N.E.2d 692, 696 (2009). In this way, the entry of a monetary judgment does not, alone, create a lien against the judgment debtor's property or otherwise give rise to a secured debt. Brandon v. Keaton, 90 Ohio App.3d 542, 545, 630 N.E.2d 17, 18 (1993). It is this transformation, of the Defendant's claim from an unsecured claim to a secured claim, upon which the Trustee's bases his position that a preferential transfer occurred when the Defendant filed its certificate of judgment.
This position of the Trustee is supported by precedent. Directly on point is the decision of Ernst v. Sears, Roebuck & Co., wherein the bankruptcy court held that a judgment lien created by O.R.C. § 2329.02 was a preferential transfer when the lien arose within the preference period of § 547(b)(4). 26 B.R. 959, 961 (Bankr. S.D.Ohio 1983). Other reported decisions, addressing similar state statutes, have generally reached the same result. See Carter v. HCL Leasing Corp. (In re Martin), 87 B.R. 394, 396 (Bankr.E.D.N.C. 1988) (judgment lien under North Carolina law represented transfer subject to avoidance as preferential transfer); In re Pouncey, 59 B.R. 615, 617 (Bankr.M.D.Ala.1986) (under Alabama law, judgment liens filed for record less than 90 days before the filing of a bankruptcy petition are preferential transfers); Pongetti v. Ship'N Shore, Inc. (In re Underwood), 24 B.R. 503, 505 (Bankr.N.D.Miss.1982) (judgment lien created by the rendition and enrollment of state court judgment constituted a preferential transfer); Camacho v. Beneficial Finance Co. of Sterling (In re Camacho), 18 B.R. 967, 968 (Bankr.D.Neb.1982) (judgment lien represents transfer, potentially subjecting the transfer to avoidance as a preferential transfer).
Although not always explicitly stated, the underlying rationale for these decisions arises from and is based on the disparate treatment afforded by the Bankruptcy Code as between secured and unsecured creditors. 11 U.S.C. § 506; In re Reg'l Bldg. Sys., Inc., 273 B.R. 423, 469 (Bankr.D.Md.2001), aff'g 320 F.3d 482 (4th Cir.2003). Under the Bankruptcy Code, a secured creditor is one whose claim against the debtor is "secured by a lien on *496 property in which the estate has an interest." 11 U.S.C. § 506(a)(1). An unsecured creditor is one who, although having a claim against the debtor, has no specific interest in estate property. 11 U.S.C. 101(10). Each class is afforded different rights under the Bankruptcy Code.
As a general matter, bankruptcy law recognizes a secured creditor's right to receive consideration equal to the value of its collateral or the right to recover its collateral. See 11 U.S.C. § 506; § 725. As a result, any prepetition transfer made to a secured claimant will ordinarily only provide such a creditor with consideration to which it was otherwise entitled to receive, thus negating the preferential aspect of the transfer for purposes of § 547(b)(5). In re Southern Air Transport, Inc., 511 F.3d 526, 534 (6th Cir.2007).
On the other hand, unsecured creditors holding claims against a Chapter 7 debtor are only entitled to receive a pro rata share of the debtor's nonexempt estate assets. 11 U.S.C. § 726. Almost always, this results in a distribution to an unsecured creditor of less than the full value of their claim. Ergo, unless the debtor's estate has sufficient liquidity to pay all unsecured claimants the full value of their claims, prepetition transfers made to such creditors will be preferential in character, having allowed that creditor to receive an amount in excess of what it otherwise would have been entitled to receive from the debtor's estate.
For this reason, it has been consistently recognized that, as put forth by the Trustee, if an unsecured creditor obtains a lien on property within the preference period, thereby becoming a secured creditor, a preferential transfer has occurred because the creditor improved its position. See, e.g., Orth-O-Vision, Inc. v. Wometco Home Theatre, Inc. (In re Orth-O-Vision Inc.), 49 B.R. 943, 945 (Bankr.E.D.N.Y. 1985) ("as a matter of law, whenever a general unsecured creditor obtains, within the preference period, a judicial lien against a debtor who cannot fully repay his unsecured creditors, he has received a preference."); In re Norman, 41 B.R. 1, 8 (M.D.Ala.1983). (judgment liens filed for record with preference period are clearly preferential transfers under Title 11). Resultantly, given the sound legal foundation upon which his position is based, it is the conclusion of the Court that the Trustee's Motion for Summary Judgment is well supported, shifting the burden to the Defendant to respond to the Trustee's position.
In response, the Defendant attacks the Trustee's premise that it only became a secured creditor upon the filing of its certificate of judgment. In support of its position, the Defendant relies on O.R.C. § 2329.03 which provides, inter alia:
Lands and tenements of a judgment debtor shall be bound with a lien for the satisfaction of any judgment of any court of general jurisdiction, including district courts of the United States, within this state, without the filing of the certificate provided for in section 2329.02 of the Revised Code, from the time when the same are seized in execution.
According to the Defendant, the application of this provision means that well outside the preference period  specifically, since 2006 when judgment was first entered in its favor  it has held a perfected lien against the Defendant's real property. Therefore, in the Defendant's words, it did not need to "obtain and file a Certificate of Judgment to perfect its lien on the debtor's real estate[.]" (Doc. No. 16).
Although the Trustee did not address the position taken by the Defendant, the Court finds that the Defendant's position has a fatal flaw, making the entry of summary judgment in favor of the Trustee *497 appropriate in this case. The provision relied upon by the Defendant, O.R.C. § 2329.03, while explicitly allowing for the creation of a lien in a debtor's real property without the filing of a certificate of judgment, only applies when and from the time the real property is "seized in execution." In the words of the Ohio Supreme Court: "Under this section, there is no lien until the land is seized in execution." Cunningham v. J.A. Myers Co., 176 Ohio St. 410, 413, 200 N.E.2d 305, 307 (1964) (internal quotation omitted). Real property, however, is only seized in execution from the time it is levied upon by a sheriff or other person empowered by law to seize property. Id.
Civil Rule of Civil Procedure 56(e)(2) provides that:
When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must  by affidavits or as otherwise provided in this rule  set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.
As required by this Rule, however, the Defendant did not present any evidence, such as by affidavit, that outside the preference period of § 547(b)(4) property owned by the Debtor was levied upon in accordance with its judgment. Accordingly, these conclusions follow.
First, the Defendant cannot rely on O.R.C. § 2329.03 as the basis to claim a judgment lien against the Debtor's real property. Second, since a judgment standing alone does not give rise to a secured interest, the Defendant only obtained a perfected lien in the Debtor's real property when it filed its certificate of judgment in accordance with O.R.C. § 2329.02. But as this event occurred within the preference period of § 547(b)(4), the Defendant's lien is subject to avoidance as the lien, having transformed the Defendant's interest in the Debtor's real property from an unsecured claim into a secured claim, served to improve the Defendant's position against the Debtor's estate.
In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.
Accordingly, it is
ORDERED that the Motion for Summary Judgment filed by the Plaintiff/Trustee, Bruce C. French, be, and is hereby, GRANTED.
IT IS FURTHER ORDERED that, pursuant to the Plaintiff/Trustee's Complaint, any judgment liens held by the Defendant, State Farm Mutual Automobile Insurance Company, against real property contained in the bankruptcy estate of the Debtor, Evelyn Marie LaRotonda, be, and are hereby, declared void pursuant to 11 U.S.C. § 547.